**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4452**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FLORIN BADEA, a/k/a Fernando Badea,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. Richard Mark Gergel, District Judge. (2:18-cr-00594-RMG-1)

Submitted: February 28, 2020                    Decided: March 10, 2020

Before MOTZ, DIAZ, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John M. Ervin, III, ERVIN LAW OFFICE, Darlington, South Carolina, for Appellant. Michael Rhett DeHart, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Florin Badea appeals his conviction and 46-month sentence imposed after his guilty plea, pursuant to a plea agreement, to use of an unauthorized access device, in violation of 18 U.S.C. § 1029(a)(2) (2018). Badea's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court complied with Fed. R. Crim. P. 11 and whether Badea's sentence is reasonable. Although advised of his right to do so, Badea did not file a pro se supplemental brief. We affirm.

Because Badea did not move in the district court to withdraw his guilty plea, the acceptance of his guilty plea is reviewed for plain error only. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). To establish plain error, Badea must establish that "(1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). In the guilty plea context, a defendant meets his burden to establish that a plain error affected his substantial rights by showing a reasonable probability that he would not have pled guilty but for the district court's Rule 11 omissions. *United States v. Sanya*, 774 F.3d 812, 815-16 (4th Cir. 2014).

Our review of the transcript of the guilty plea hearing leads us to conclude that the district court fully complied with Rule 11. The district court ensured that the plea was supported by an independent basis in fact and that Badea entered the plea knowingly and voluntarily and with an understanding of the consequences. *See United States v. DeFusco*,

949 F.2d 114, 116, 120 (4th Cir. 1991). Accordingly, we discern no plain error in the district court's acceptance of Badea's guilty plea.

We review Badea's sentence for both procedural and substantive reasonableness "under a deferential abuse of discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). We "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the [Sentencing] Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) [(2018)] factors, . . . or failing to adequately explain the chosen sentence." *Id.*; *see* 18 U.S.C. § 3553(a). If there is no significant procedural error, we then consider the sentence's substantive reasonableness under "the totality of the circumstances." *Gall*, 552 U.S. at 51. We presume that a sentence within a properly calculated Guidelines range is substantively reasonable, and a defendant may rebut this presumption only "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Having carefully reviewed the record, we conclude that Badea's sentence is procedurally and substantively reasonable. The district court properly calculated the advisory Sentencing Guidelines range and sufficiently explained its reasons for imposing the sentence Badea received. Furthermore, Badea has not made the showing necessary to rebut the presumption of reasonableness that we afford his within-Guidelines-range sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment.

This court requires that counsel inform Badea, in writing, of the right to petition the Supreme Court of the United States for further review. If Badea requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Badea.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFRIMED*